Seth T. Taube (ST-6088)
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
*Attorneys for Defendant*
*Teleflex Medical Incorporated*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCENT MEDICAL TECHNOLOGY FUND II, LP,<br><br>Plaintiff,<br><br>v.<br><br>TELEFLEX MEDICAL INCORPORATED,<br><br>Defendant. | Civil Action No. 07-CIV-6353 (SAS)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Teleflex Medical Incorporated ("Teleflex Medical"), by and through its attorneys Baker Botts L.L.P., by way of answer to Plaintiff Ascent Medical Technology Fund II, LP's Complaint, states as follows:

1.   Teleflex Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.   Teleflex Medical denies the allegations in paragraph 2, except admits that it is incorporated in California with its principal place of business in Research Triangle Park, North Carolina, and that it is a global supplier of medical devices, surgical instruments and disposable medical products.

3. Teleflex Medical denies the allegations in paragraph 3, except admits that its parent company, Teleflex Incorporated, is incorporated in Delaware with its principal place of business in Limerick, Pennsylvania, and that it engages in the design and manufacture of specialty-engineered products.

4. Teleflex Medical avers that the allegations contained in paragraph 4 purport to state legal conclusions to which no response is required, and to the extent paragraph 4 requires a response, Teleflex Medical denies the allegations.

5. Teleflex Medical avers that the allegations contained in paragraph 5 purport to state legal conclusions to which no response is required, and to the extent paragraph 5 requires a response, Teleflex Medical denies the allegations.

6. Teleflex Medical admits that Teleflex Incorporated transacts business within the State of New York and denies the remaining allegations contained in paragraph 6.

7. Teleflex Medical admits that it transacts business within the State of New York and denies the remaining allegations contained in paragraph 7.

8. Teleflex Medical avers that the allegations contained in paragraph 8 purport to state legal conclusions to which no response is required, and to the extent paragraph 8 requires a response, Teleflex Medical denies the allegations.

9. Teleflex Medical avers that the allegations contained in paragraph 9 purport to state legal conclusions to which no response is required, and to the extent paragraph 9 requires a response, Teleflex Medical denies the allegations.

10. Teleflex Medical admits the allegations contained in paragraph 10.

11. Teleflex Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Teleflex Medical admits that Al Emola, on behalf of Ascent, contacted Ciaran Hood, the former technical sales manager and head of Teleflex Medical's guidewire operations in Ireland, regarding Teleflex Medical's guidewire operations. Teleflex Medical denies the remaining allegations contained in paragraph 12.

13. Teleflex Medical admits that on or about February 5, 2007, Mr. Hood and Mr. Emola discussed a potential sale of certain of Teleflex Medical's guidewire assets and agreed to meet in Minneapolis, Minnesota to discuss the matter further. Teleflex Medical denies the remaining allegations contained in paragraph 13.

14. Teleflex Medical admits that on or about March 13, 2007, Mr. Hood and Mr. Emola met in Minneapolis, Minnesota to discuss a potential sale of certain of Teleflex Medical's guidewire assets and discussed possible dates for a visit by representatives of Ascent to Teleflex Medical's facility in Tecate, Mexico. Teleflex Medical denies the remaining allegations contained in paragraph 14.

15. Teleflex Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the status of Peggy Farley and Dr. Karl Groth as principals of Ascent's general partner, and admits that on or about April 11, 2007, Mr. Hood, Mr. Emola, Ms. Farley and Dr. Groth visited Teleflex Medical's facility in Tecate, Mexico. Teleflex Medical denies the remaining allegations of paragraph 15.

16. Teleflex Medical denies the allegations contained in paragraph 16, except admits that on or about April 24, 2007, Mr. Hood contacted Mr. Emola and others via e-mail regarding bidding on certain of Teleflex Medical's guidewire assets and refers to the document for its contents.

17. Teleflex Medical denies the allegations contained in paragraph 17, except admits that on or about May 1, 2007, Ascent submitted a proposal for the purchase of certain of Teleflex Medical's guidewire assets and refers to the document for its contents.

18. Teleflex Medical denies the allegations contained in paragraph 18.

19. Teleflex Medical denies the allegations contained in paragraph 19.

20. Teleflex Medical denies the allegations contained in paragraph 20, except admits that on or about June 5, 2007, John Sickler, Jr., Senior Director of Corporate Development for Teleflex Incorporated, discussed with Mr. Emola a potential sale of certain of Teleflex Medical's guidewire assets and refers to the quoted document for its contents.

21. Teleflex Medical denies the allegations contained in paragraph 21.

22. Teleflex Medical denies the allegations contained in paragraph 22, except admits that on or about June 22, 2007, Mr. Sickler sent a draft agreement and cover letter to Mr. Emola and refers to the draft agreement and cover letter for a complete statement of their contents.

23. Teleflex Medical denies the allegations contained in paragraph 23, except to the extent that the allegations accurately represent the actual terms and conditions of the referenced draft agreement and refers to the referenced draft agreement for a complete statement of its contents.

24. Teleflex Medical denies the allegations contained in paragraph 24, except admits that on or about June 26, 2007, Mr. Sickler sent Mr. Emola a list of assets and inventory by e-mail.

25. Teleflex Medical denies the allegations contained in paragraph 25, except admits that at some point Mr. Emola requested from Mr. Sickler wire transfer instructions and that Teleflex Medical provided the wire transfer instructions on or about June 29, 2007.

26. Teleflex Medical denies the allegations contained in paragraph 26, except admits that certain United States banks may be unable to perform wire transfers without specific instructions.

27. Teleflex Medical denies the allegations contained in paragraph 27.

28. Teleflex Medical denies the allegations contained in paragraph 28, except admits that at some point Mr. Emola requested wire transfer instructions from Mr. Sickler and that Teleflex Medical provided the wire transfer instructions on or about June 29, 2007.

29. Teleflex Medical denies the allegations contained in paragraph 29, except admits that on or about June 29, 2007, Mr. Sickler sent Mr. Emola a draft agreement by e-mail and refers to the referenced document for its contents.

30. Teleflex Medical denies the allegations contained in paragraph 30, except admits that on or about June 29, 2007, Mr. Sickler and Mr. Emola discussed the terms of a potential sale of certain of Teleflex Medical's guidewire assets.

31. Teleflex Medical denies the allegations contained in paragraph 31.

32. Teleflex Medical denies the allegations contained in paragraph 32.

33. Teleflex Medical denies the allegations contained in paragraph 33.

34. Teleflex Medical denies the allegations contained in paragraph 34.

35. Teleflex Medical denies the allegations contained in paragraph 35.

36. Teleflex Medical denies the allegations contained in paragraph 36, except to the extent that the quoted language accurately represents the actual language of the referenced document and refers to the referenced document for its contents.

37. Teleflex Medical denies the allegations contained in paragraph 37.

38. Teleflex Medical denies the allegations contained in paragraph 38, except to the extent that the quoted language accurately represents the actual language of the referenced document and refers to the referenced document for its contents.

39. Teleflex Medical denies the allegations contained in paragraph 39, except admits that on or about July 3, 2007, Ascent sent a letter to Teleflex Medical and refers to that letter for a complete statement of its contents.

### COUNT ONE: Breach of Contract

40. As to the allegations contained in paragraph 40, Teleflex Medical repeats and realleges its answers to the previous paragraphs of Plaintiff's Complaint.

41. Teleflex Medical denies the allegations contained in paragraph 41.

42. Teleflex Medical denies the allegations contained in paragraph 42.

43. Teleflex Medical denies the allegations contained in paragraph 43.

44. Teleflex Medical denies the allegations contained in paragraph 44.

### COUNT TWO: Breach of Covenant of Good Faith and Fair Dealing

45. As to the allegations contained in paragraph 45, Teleflex Medical repeats and realleges its answers to the previous paragraphs of Plaintiff's Complaint.

46. Teleflex Medical denies the allegations contained in paragraph 46.

47. Teleflex Medical denies the allegations contained in paragraph 47.

### COUNT THREE: Promissory Estoppel

48. As to the allegations contained in paragraph 48, Teleflex Medical repeats and realleges its answers to the previous paragraphs of Plaintiff's Complaint.

49. Teleflex Medical denies the allegations contained in paragraph 49.

50. Teleflex Medical denies the allegations contained in paragraph 50.

51. Teleflex Medical denies the allegations contained in paragraph 51.

52. Teleflex Medical denies the allegations contained in paragraph 52.

### Irreparable Harm

53. Teleflex Medical lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Teleflex Medical denies the allegations contained in paragraph 54, except admits, upon information and belief, that guidewire products are available new on the open market and refers to the referenced document for its contents.

55. Teleflex Medical denies the allegations contained in paragraph 55, except admits that it has entered into an agreement with a different party to sell certain of Teleflex Medical's guidewire assets.

56. Teleflex Medical denies the allegations contained in paragraph 56.

57. Teleflex Medical denies the allegations contained in paragraph 57.

58. Teleflex Medical denies the allegations contained in paragraph 58.

### PRAYER FOR RELIEF

Teleflex Medical acknowledges that the allegations contained in the "Wherefore" clause of the Complaint purport to request judgment awarding Plaintiff certain relief, but denies Plaintiff's entitlement to any such judgment, award or relief and otherwise denies the allegations contained in the "Wherefore" clause.

Teleflex Medical denies each and every heading in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint is barred in whole or in part for failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver and estoppel.

### Third Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the Statute of Frauds.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the failure to mitigate damages.

### Sixth Affirmative Defense

Plaintiff's Complaint is barred for lack of subject matter jurisdiction.

### Seventh Affirmative Defense

Plaintiff's Complaint is barred in whole or in part by the doctrine of election of remedies.

### Eighth Affirmative Defense

Plaintiff did not rely on any representation, statement, or alleged omission made by or chargeable to Teleflex Medical; in the alternative, any such reliance was unreasonable or unjustifiable.

### Ninth Affirmative Defense

Teleflex Medical reserves the right to amend its Answer to assert additional affirmative defenses as discovery proceeds in this action.

WHEREFORE, Teleflex Medical prays for judgment denying Plaintiff's request for relief, dismissing Plaintiff's Complaint in its entirety with prejudice, assessing costs and attorneys' fees against Plaintiff, and awarding Teleflex Medical such other and further relief as this Court may deem just and proper.

WHEREFORE, Teleflex Medical hereby demands a jury trial on all claims in Plaintiff's Complaint and any and all defenses thereto.

Dated: August 6, 2007

BAKER BOTTS L.L.P.

By: _____
Seth T. Taube (ST-6088)
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
*Attorneys for Defendant*
*Teleflex Medical Incorporated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of August, 2007, a true and correct copy of the foregoing document was served via electronic filing on all counsel of record through the Court's CM/ECF system.

_____
John P. Mitchell